FILED

2013 Jun-25  PM 01:27
U.S. DISTRICT COURT
N.D. OF ALABAMA



# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# MIDDLE DIVISION

|  |  |  |
|---|---|---|
| YEVGENIY GRYTSENKO, an individual | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No.: |
| NATIONAL COLLECTION SYSTEMS, INC. d/b/a NATIONAL CREDIT MANAGEMENT, LLC, | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, and for Plaintiff's Complaint against the Defendant states as follows:

1.   This action arises out of Defendant's repeated violations of the Fair Debt Collection Practices Act[1] (15 U.S.C. § 1692 et seq. [hereinafter "FDCPA"]), out of state law violations and out of the invasion of Plaintiff's personal and financial privacy by the Defendant and its agents in its illegal efforts to collect a consumer debt from Plaintiff.

---

[1] Any reference the FDCPA or any part thereof encompasses all relevant parts and subparts thereto.

## RECOGNITION OF THE WIDESPREAD ABUSE BY COLLECTORS

2.    Congress found it necessary to pass the FDCPA due to rampant abusive practices by dishonorable debt collectors.  15 USC § 1692 is entitled "Congressional findings and declaration of purpose" and it states as follows:

(a)    There is **abundant evidence** of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

(b)    Existing laws and procedures for redressing these injuries are inadequate to protect consumers.

(c)    **Means other than** misrepresentation or other **abusive debt collection practices are available for the effective collection of debts**.

(d)    Abusive debt collection practices are carried on to a substantial extent in interstate commerce and through means and instrumentalities of such commerce. Even where abusive debt collection practices are purely intrastate in character, they nevertheless directly affect interstate commerce.

(e)    It is the **purpose** of this title to **eliminate abusive debt collection practices** by debt collectors, to **insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged**, and to promote consistent State action to protect consumers against debt collection abuses.

[Emphasis added].

## PARTIES

3.    Plaintiff Yevgeniy Grytsenko (hereinafter "Plaintiff") is a natural person who is a resident of Alabama, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4.    Defendant National Collection Systems, Inc. d/b/a National Credit Management, ("Defendant" or "NCS[2]") is a foreign debt collection firm that engages in the business of debt collection.  It conducts business in Alabama.

## VENUE

5.    Venue is proper in this Court as Plaintiff is a resident citizen of this Judicial District, and all or substantially all of the wrongs complained of occurred in this county.

## STATEMENT OF FACTS

6.    Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

7.    Plaintiff allegedly owes a debt to Western Michigan University in the amount of approximately $500.00.

8.    Defendant claims to be a collector on this debt.

9.    Plaintiff has received harassing and abusive phone calls from Defendant.

10.   These calls have been collection calls.

11.   Defendant allegedly purchased or was assigned the debt and began harassing collection activities against Plaintiff.

---

[2] "NCS" or "Defendant" means NCS directly or through its debt collectors, employees and agents who took any collection action against Plaintiff.

12.    Defendant has left at least one message at Plaintiff's home that revealed that Defendant was a debt collector who was collecting an alleged consumer debt from Plaintiff.

13.    The answering machine plays via speaker phone as the message is left and one or more third parties overheard one or more of the messages.

14.    Plaintiff never gave consent or permission for Defendant to make a third party disclosure.

15.    Plaintiff had no idea the Defendant would be calling or would leave a message when it did.

16.    Plaintiff could not have prevented the third party from hearing the message.

17.    Defendant also spoke with Plaintiff's roommate and told the roommate Plaintiff was avoiding calling Defendant back.

18.    A debt collector is not allowed to say these types of things to a third party.

19.    Plaintiff was shamed, embarrassed, humiliated, and otherwise damaged as set forth in this Complaint due to the third party disclosure of Plaintiff's personal private financial dealings.

20.    This is one of the most egregious types of violation of the FDCPA – revealing to third parties the Defendant's attempt to collect the debt with full knowledge of the damage this type of invasion of privacy will cause.

21.   The Defendant has harassed Plaintiff by the type and number of calls it has made.

22.   This misconduct is specifically condemned in the FDCPA due to the severe harm it causes.

23.   This was very distressing and upsetting to the Plaintiff.

24.   The calls have been illegal, harassing, and abusive.

25.   Defendant also made false statements to Plaintiff by telling Plaintiff that Defendant was with the government or had some connection to the government in order to intimidate Plaintiff.

26.   Defendant also told Plaintiff his student loans were in default when they were not.

27.   This was done to try to convince Plaintiff to consolidate his student loans when such was unnecessary and unwise.

28.   Defendant did this to seek to make a large commission and also to illegally heighten the intensity of the pressure on Plaintiff.

29.   The reason for the abusive conduct of Defendant is the commission it will receive if it can convince (by legal or illegal means) Plaintiff to pay a certain amount to Defendant.

30.   Plaintiff has contacted Western Michigan University and has made arrangements to pay this debt without having to deal with Defendant.

### Remaining Factual Allegations Against Defendant NCS

31.   Defendant NCS has misrepresented the debt to Plaintiff.

32.   This includes the amount of the debt.

33.   This includes the legal status of the debt.

34.   The debt being collected is a consumer debt as defined by the FDCPA (§1692 a(5)).

35.   Plaintiff is a "consumer" as defined by the FDCPA (§1692 a(3)).

36.   Defendant NCS is a "debt collector" as defined by the FDCPA (§1692 a(6).

37.   Defendant NCS refused to give Plaintiff all required notifications and disclosures under the FDCPA.

38.   Defendant NCS contacted third parties on more than one occasion and violated §1692b in doing so.

39.   The conduct of the Defendant NCS has proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

40.   It is a practice of the Defendant NCS to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FDCPA and state law.

41.   Defendant NCS knows its conduct is wrong but it has chosen to conduct itself in this wrongful manner as a matter of corporate policy.

42.   All actions taken by employees, agents, servants, or representatives of any type for the Defendant NCS were taken in the line and scope of such individuals' employment, agency or representation.

43.   All actions taken by the Defendant NCS were done with malice, were done willfully, and were done with either the desire to harm Plaintiff and/or with the knowledge that its actions would very likely harm Plaintiff and/or that its actions were taken in violation of the FDCPA and/or state law and/or that it knew or should have known that its actions were in reckless disregard of the FDCPA and/or state law.

44.   Defendant NCS has engaged in a pattern and practice of wrongful and unlawful behavior with respect to its collection activities and as such Defendant NCS is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

45.   Defendant NCS is liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection

employees and agents, including but not limited to violations of the FDCPA and Alabama tort law, in its attempts to collect this debt from Plaintiff.

## SUMMARY

46.  All of the above-described collection activities made to Plaintiff by Defendant NCS were made in violation of the FDCPA, including (but not limited to) §§1692b(1), 1692b(2), 1692b(3), 1692c(b),1692d, 1692d(5), 1692e, 1692e(2), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g.

47.  The above-detailed conduct by this Defendant of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to the Plaintiff.

48.  The collection calls by Defendant and its agents caused Plaintiff enormous stress and anguish as a result of these calls.

49.  Defendant's contact with third parties was an invasion of Plaintiff's privacy and right to financial privacy.

50.  Defendant's repeated attempts to collect this debt from Plaintiff and refusal to stop violating the law and to stop contacting third parties was an invasion of Plaintiff's privacy and Plaintiff's right to be left alone.

51. Defendant's illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff and caused Plaintiff unnecessary distress.

52. Plaintiff has suffered actual damages as a result of these illegal collection communications by this Defendant in the form of anger, anxiety, emotional distress, fear, frustration, damage to reputation, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## **RESPONDEAT SUPERIOR LIABILITY**

53. The acts and omissions of Defendant's agents who communicated with Plaintiff as more further described herein, were committed within the line and scope of their agency relationship with their principal the Defendant.

54. The acts and omissions by these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

55. By committing these acts and omissions against Plaintiff, these other debt collectors were motivated to benefit their principal the Defendant.

56. Defendant is therefore liable to Plaintiff through the doctrine of Respondeat Superior for the wrongful, intentional, reckless, and negligent acts, errors, and omissions done in violation of state and federal law by its collection

employees, including but not limited to violations of the FDCPA and Alabama tort law, in their attempts to collect this debt from Plaintiff.

## NEGLIGENT AND WANTON HIRING AND SUPERVISION

57.   Defendant negligently and/or wantonly hired, retained, or supervised incompetent debt collectors and is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

58.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

59.   The acts and omissions of Defendant NCS constitute numerous and multiple violations of the FDCPA with respect to the Plaintiff, including (but not limited to) §§1692b(1), 1692b(2), 1692b(3), 1692c(b),1692d, 1692d(5), 1692e, 1692e(2), 1692e(10), 1692e(11), 1692f, 1692f(1), and 1692g.

60.   As a result of Defendant NCS's violations of the FDCPA, Plaintiff is entitled to actual damages; statutory damages; and reasonable attorney's fees, expenses and costs from Defendant NCS.

## COUNT II.

## INVASION OF PRIVACY

61. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

62. Alabama law recognizes Plaintiff's right to be free from invasions of privacy and Defendant violated Alabama state law as described in this Complaint.

63. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy**.

15 U.S.C. § 1692(a) (emphasis added).

64. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leech Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors (albeit without a private right of action), when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information.

15 U.S.C. § 6801(a) (emphasis added).

65. Defendant and/or its agents intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

66. Defendant also intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by making illegal contact about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

67. Defendant and its agents intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

68. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

69. The conduct of this Defendant and its agents, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple

intrusions and invasions of privacy by this Defendant which occurred in a way that would be highly offensive to a reasonable person in that position.

70.   As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

71.   All acts of Defendant and its agents and/or employees were committed with malice, intent, wantonness, and/or recklessness and as such Defendant is subject to punitive damages.

72.   Defendant NCS intentionally, recklessly, and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded Plaintiff's privacy.

73.   Defendant NCS intentionally, recklessly, and/or negligently caused emotional harm to Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon Plaintiff's right to privacy.

74.   Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

75.   The conduct of Defendant NCS, in engaging in the above-described illegal collection conduct against Plaintiff, resulted in multiple intrusions and

invasions of privacy by Defendant NCS which occurred in a way that would be highly offensive to a reasonable person in that position.

76. All of the other wrongful acts described in this Complaint demonstrate the wrongful scheme, plan, and design of Defendant NCS in its campaign of improper debt collection which has led to the Plaintiff's privacy being invaded.

77. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant NCS.

78. All acts of Defendant NCS were committed with malice, intent, wantonness, and/or recklessness and as such Defendant NCS is subject to punitive damages.

## COUNT III.

## NEGLIGENT, WANTON, AND/OR INTENTIONAL HIRING AND SUPERVISION OF INCOMPETENT DEBT COLLECTORS

79. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

80. Defendant NCS's collectors are allowed and encouraged to break the law in order to collect debts.

81. This includes all of the violations of the law described in this Complaint.

82. Defendant NCS is aware of the wrongful conduct of its collectors.

83. Defendant NCS negligently, wantonly, and/or intentionally hired, retained, or supervised incompetent debt collectors, who were allowed or encouraged to violate the law as was done to Plaintiff, and Defendant NCS is thereby responsible to the Plaintiff for the wrongs committed against Plaintiff and the damages suffered by Plaintiff.

## COUNT IV.

## WANTON, MALICIOUS, AND INTENTIONAL CONDUCT

84. All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

85. Defendant NCS had a duty, and assumed a duty, to treat Plaintiff fairly and with reasonable care.

86. Defendant NCS had a duty, and assumed a duty, to not unreasonably cause harm to Plaintiff.

87. Defendant NCS acted with malice, wantonness, recklessness, and/or intentional conduct in its dealings with and about Plaintiff as set forth in this Complaint.

88. Defendant NCS violated all of the duties Defendant NCS had and such violations were made intentionally, willfully, recklessly, maliciously, and wantonly.

89.    It was foreseeable, and Defendant NCS did in fact foresee it, the actions of Defendant NCS would lead and did lead to the exact type of harm suffered by Plaintiff.

90.    Defendant NCS acted with malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff as set forth in this Complaint.

91.    Defendant NCS invaded the privacy of Plaintiff as set forth in Alabama law.

92.    Such malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint.

93.    As a result of this conduct, action, and inaction of Defendant NCS, Plaintiff has suffered damages as set forth in this Complaint.

## **PRAYER FOR RELIEF**

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff prays that judgment be entered against Defendant for all damages allowable (including statutory, actual, compensatory, nominal and punitive the total of which Plaintiff claims more than $75,000.00), costs, expenses, fees, injunctive relief to prevent further violations, and for such other and further relief as may be just and proper.

Respectfully Submitted,

**John G. Watts (ASB-5819-t82j)**
**M. Stan Herring (ASB-1074-n72m)**
Watts & Herring, LLC
The Kress Building
301 19th Street North
Birmingham, Alabama 35203
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattsherring.com
stan@wattsherring.com

**Attorneys for Plaintiff**


**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE**

**Attorney for Plaintiff**


**Serve defendant via certified mail at the following address:**

National Collection Systems, Inc.
d/b/a National Credit Management
c/o Bernard Fagin
10845 Olive Blvd., Ste 210
St. Louis, Missouri 63141